NATIONAL SURETY CO. v. CITY OF ST. LOUIS.†

(Circuit Court of Appeals, Eighth Circuit. October 28, 1912.)

No. 3,603.

MUNICIPAL CORPORATIONS (§ 253*)—LIGHTING CONTRACT—CONSTRUCTION—
BREACH—DECLARATION BY BOARD OF PUBLIC IMPROVEMENTS—AUTHORITY.
Plaintiff city executed a contract with a lighting company to do the public lighting for 10 years; defendant surety company executing a bond to secure faithful performance of the contract. Section D of the contract provided that the board of public improvements should decide all questions which might arise relative to the execution of the contract, and that its decisions should be final. Section F declared that the company, in good faith and within 30 days after approval of the contract, should commence and thereafter regularly carry on preparatory work for carrying out the contract, with such force and in such manner as would secure the lighting on and after September 1, 1900; that the rate of progress of the work was an essential condition, and that if the board did not deem the progress sufficient it should proceed as provided in section M. which stipulated that, after probable cause for supposing that any condition, covenant, or agreement of the contract was not being carried out in good faith, the board of public improvements should set a day, give notice, and conduct a hearing, and if it was then of the opinion that the lighting company was not proceeding in good faith it might, after notice and continued default for 10 days, declare a breach of contract and relet, etc. Held, that the question of the existence of probable cause for supposing that the contractor was not carrying out the contract in good faith as provided in section M was not for the conclusive determination of the board, but whether it was or not was an essential

------

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied February 17, 1913.

condition of fact precedent to action by the board, which was open to general inquiry in a court of justice.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 695; Dec. Dig. § 253.*]

In Error to the Circuit Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action by the City of St. Louis against the National Surety Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. C. Marshall, of St. Louis, Mo. (Henderson, Marshall & Becker, of St. Louis, Mo., on the brief), for plaintiff in error.

Lambert E. Walther and William E. Baird, both of St. Louis, Mo., for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. On this writ of error the National Surety Company complains of a judgment which the city of St. Louis, Mo., recovered against it as surety for the faithful performance by the Kern Incandescent Gas Light Company of a contract for public lighting. The contract was dated February 21, 1900, and approved March 16th by the city council. The period of lighting was for 10 years beginning September 1, 1900. The obligation of the Surety Company was in the penal sum of $200,000. The declared breach of the contract was in the failure of the Kern Company to proceed in good faith with the preliminary work of installation essential to the commencement of lighting on the date fixed. Section D of the contract contains a general provision that the board of public improvements, a department of the municipal government, should determine the amount of lighting to be paid for and decide all questions which might arise relative to the execution of the contract by the Kern Company, and that its estimates and decisions should be final and conclusive. It was specially provided in section F that the Kern Company should in good faith, within 30 days after the approval of the contract, commence and thereafter regularly carry on the preparatory work with such force and in such manner as would secure the lighting on and after September 1st, that the rate of progress of the work was an essential condition, that monthly reports thereof should be submitted to the board, and that if it did not deem the progress sufficient it should proceed "as provided in section M." By section M it was agreed "that, if there be probable cause for supposing that any condition, covenant, or agreement of this contract * * * is not being carried out in good faith, the board of public improvements shall set a day," give notice, and conduct a hearing, and if then it should be of opinion that the Kern Company was not proceeding in good faith it might, after notice thereof and continued default for 10 days, declare a breach of the contract, subject to the approval of the mayor, take possession of the equipment of the Kern Company as forfeited,

relet the lighting contract to another, and charge the Kern Company and its surety with any excess of cost.

On May 26, 1900, the board adopted a resolution that there was probable cause for supposing that the Kern Company was not carrying out the contract in good faith, and that the progress of the work was not deemed sufficient to secure the beginning of the lighting on September 1st. After notice and hearing the board resolved on June 5, 1900, that in its opinion the Kern Company was in default in the particulars noted, and on June 19th it declared a breach of the contract. The mayor approved the action. On July 10, 1900, upon competitive proposals, the city awarded the lighting contract to another company at an increased cost to it of more than $200,000, the penalty of the bond. Thereafter it brought action and recovered judgment for the above amount.

The question for decision is whether the existence of probable cause for supposing that the Kern Company was not carrying out the contract in good faith, as provided in section M, was for the conclusive determination of the board, or, on the other hand, was an essential condition of fact precedent to its action open to general inquiry in a court of justice. The latter theory was fairly presented by a special defense of the Surety Company and the evidence at the trial, but the trial court directed a verdict for the city. We think that the existence of probable cause was intended as a justiciable prerequisite to the action of the board, and that its finding thereon did not exclude judicial inquiry. The language of M is that the board may proceed "if there be probable cause"; not if there be such cause in its opinion or judgment, or if it believes there is cause, or words of similar import, which would naturally be expected if it were intended that the decision of the board of its right to proceed should be final. The phrase "if there be probable cause," standing alone, as it does in M, indicates that the cause must actually exist, independently of the board's own view or opinion.

The city invokes the rule that a contract should be taken in its entirety to ascertain its meaning, and it points to the general provisions of section D. There is force in this; but we think that, where the right or power claimed is a hard one, as undoubtedly it is here, plain and express terms should be employed. United States v. O'Brien, 220 U. S. 321, 31 Sup. Ct. 406, 55 L. Ed. 481. Section D, with its general provisions for conclusive estimates and decisions by the board, separate and removed from those with which we are directly concerned, might well have been thought to apply to matters arising after the lighting began. It mentions as its first object "the amount of lighting which is to be paid for," and as its second "all questions which may arise relative to the execution of this contract." On the other hand, section F, which specifically treats of good faith in the prosecution of the preparatory work, makes no reference to D, but does refer to M, with its phrase "if there be probable cause." Outside of D there is nothing in the contract which makes final and conclusive the board's decision of the matter in hand. We think the construction claimed is too doubtful for such a case.

Other special defenses were held insufficient on demurrer, and we think rightly. It is sufficient to say of them briefly that the validity of the contract with the Kern Company was attacked for failure to observe provisions of the city charter which we think are not applicable to a long-term contract for municipal lighting, and also because the Kern Company, a foreign corporation, had not qualified itself to do business in the state.

The judgment against the Surety Company is reversed, and the cause is remanded for a new trial.